IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cr170

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>THOMAS YOUNG JUNG )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant to amend the judgment to provide credit for jail time. (Doc. No. 27).

In the motion, the defendant couches his request under Federal Rule of Criminal Procedure 36, but reliance on that rule for correction of the judgment based on oversight or omission is misplaced. The rule allows correction of a judgment for clerical mistakes or correction of the record for oversight or omission. Fed. R. Crim. 36. Here, the defendant claims the Court overlooked setting a date from which the Bureau of Prisons would calculate jail credit. However, the defendant did not request that the Court include a specific date in the judgment; therefore the absence of such information can not be considered a clerical mistake, oversight, or omission.

Even if the rule authorized such an amendment of the judgment, the defendant is not entitled to relief in the circumstances of this case. Title 18, United States Code, Section 3584(a) gives courts the authority to impose a sentence concurrently with an undischarged term of imprisonment. Title 18, United States Code, Section 3585(b) provides that a person may not receive credit for time spent in detention when that time is credited against another sentence. Additionally, only the Attorney General, through the Bureau of Prisons, may compute jail credit under § 3585. United States v. Stubbs, No. 97-4948, 153 F.3d 724 (4th Cir. 1998) (unpublished)

(citing United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed.2d 593 (1992)).

Here, the Court ordered that the defendant's sentence be served concurrently with two sentences from the State of New York. (Doc. No. 24: Judgment at 2). The defendant complains that the BOP is only crediting the time served following imposition of his federal sentence on July 8, 2009. He requests an amendment of the judgment to order computation of the sentence to begin on the date he came into federal custody, October 8, 2008, although he was also serving his state sentences at that time. (Doc. No. 27: Motion at 2; Doc. No. 10: Writ). Thus, it appears that he does not qualify for the requested relief pursuant to § 3585(b). Nevertheless, a motion to amend the judgment in a criminal case not the proper way to raise such a claim; it must be raised as a civil action under 28 U.S.C. § 2241 because the defendant is challenging the execution of his sentence. United States v. Little, 392 F.3d 671, 679-80 (4th Cir. 2004).

**IT IS, THEREFORE, ORDERED,** that the defendant's motion to amend the judgment (Doc. No. 27) is DENIED without prejudice to be re-filed pursuant to 28 U.S.C. § 2241.

Signed: March 10, 2010

Robert J. Conrad, Jr.
Chief United States District Judge